**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**LARRY HAYNES**
    **Plaintiff,**

**vs.**                                                                                **Case No. 3:07cv336/RS/MD**

**MARY M. CALLAWAY,**
    **Defendant.**

---

**O R D E R**

    This cause is before the court upon referral from the clerk. On January 17, 2008 this Court entered an initial scheduling order. (Doc. 49). The order directed the parties to confer within thirty (30) days, as required under Rule 26(f), Federal Rules of Civil Procedure, and to file a joint report within fourteen (14) days thereafter. The order specifically provided: "The plaintiff shall initiate arrangements for the conference and filing of the report, but the Court shall hold all parties equally responsible for insuring that the conference is held and the report filed as required. If the parties are unable to agree, each party's position shall be set out in the filed joint report." (Doc. 49, p. 2).

    The deadline for filing the joint report passed with no response from either party. Accordingly, on March 27, 2008 the Court issued an order directing the parties to file a joint report within ten (10) days of the order, and to show cause why sanctions should not be imposed against them for failure to comply with an order of the court. The parties were warned that failure to comply with the order would result in the imposition of sanctions.

    In response to the order, plaintiff filed a "Report" indicating that he attempted to confer with defendant Callaway on three occasions, but was unsuccessful. Plaintiff's "Report" did not address any of the matters raised in the initial scheduling order.

Defendant Callaway's "Answer To Order To Show Cause" was entirely unresponsive to the court's March 27, 2008 order. It did not address her failure to ensure that the Rule 26 conference was held and a joint report filed, nor did it address any of the matters raised in the initial scheduling order. Instead, defendant Callaway used her "Answer" as a platform to impart her inappropriate and disrespectful version of plaintiff's personal and family history, including her speculation that "If Larry Haynes had been born in rural Alabama from where his family came (or North Florida), I do not believe he would have attained the age of twenty (20) years." (Doc. 65, p. 1). Callaway goes on to attack plaintiff's character and to reveal irrelevant personal information about his family. To support her primary contention – that "as long as Larry Haynes can draw a breath he will spend his life indulging himself" and that plaintiff "steals from his own guardianship account" – Callaway attaches copies of plaintiff's bank account statements without redaction, in violation of Rule 5.2(a) of the Federal Rules of Civil Procedure.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotations and brackets omitted). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962). Under this authority, federal courts are empowered to impose a wide range of sanctions for offensive or disrespectful conduct. *See In re Prewitt*, 2003 WL 22965563 (5th Cir. Dec. 17, 2003) (district court had inherent power to ban attorney from third floor of federal courthouse in Greenville, Mississippi); *Shepherd v. American Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) (pursuant to inherent power, courts may protect institutional integrity "with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments"). "[T]he choice of an appropriate sanction must be handled on a case-by-case basis." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003); *see also In re Prewitt*, 280 F.Supp.2d 548, 562

(N.D. Miss. 2003) ("The court possesses the discretion to tailor sanctions to the particular facts of the case.").

The undersigned is of the opinion that a sanction is warranted for defendant Callaway presenting to this court under the guise of an "Answer," a document intended solely to embarrass, denigrate and personally vilify a party. Ms. Callaway's conduct constitutes or is tantamount to bad faith. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1202 (11th Cir. 2006) (stating that before a court can impose sanctions under its inherent powers, it must make a finding of bad faith). Notwithstanding Callaway's *pro se* status,[1] her pleadings must exhibit proper decorum and respect, regardless of whether she harbors personal animosity for the plaintiff. Under the circumstances presented here, the court finds that the appropriate sanction is to strike defendant Callaway's "Answer To Order To Show Cause" in its entirety.

Accordingly, it is ORDERED:

Defendant Callaway's "Answer To Order To Show Cause" (doc. 65) is STRICKEN.

**Defendants Callaway is hereby notified that all future pleadings, motions and other papers she files in this or any other action proceeding before the undersigned must comport with the basic standards of decorum and respect as well as the federal procedural rules, as described in this Order. Failure to do so will result in those submissions being summarily stricken without comment.**

DONE AND ORDERED this 16th day of April, 2008.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

---

[1] Ms. Callaway, an attorney, was suspended from the practice of law in Florida under an emergency suspension order dated August 21, 2007. (Doc. 25, Ex. 3).

*Case No: 3:07cv336/RS/MD*